HYNES v. BARRETT.

DRAINS — LANDS BENEFITED — INJUNCTION — TAXATION—NATURAL
WATER COURSE.

> Where the drain traversing complainant's land requires a
> new outlet, which will be furnished by a proposed im-
> provement of a natural water course in another county,
> complainant's contention, in injunction proceedings to re-
> strain defendant from assessing his land for said improve-
> ment, that his land will not be benefited because it is
> higher than said water course and already sufficiently
> drained, cannot be sustained.[1]

Appeal from Gratiot; Searl, J.  Submitted June 22,
1915.  (Docket No. 112.)  Decided September 28, 1915.

Bill by Charles F. Hynes against James Barrett and
others, as drain commissioners, for an injunction to
restrain defendants from assessing complainant's lands
for a proposed drain improvement.  From a decree
for defendants, complainant appeals.  Modified and
affirmed.

*Stone & Smith,* for complainant.

*J. P. Devereaux,* for defendants.

OSTRANDER, J.  What is set up in the bill of com-
plaint is restated as follows: . Complainant owns land
in section 16 in the township of Wheeler, Gratiot
county, Mich., worth several thousands of dollars, in
which land is a drain, laid more than 20 years ago,
known as Weeks drain—a drain constructed in Sagi-
naw and Gratiot counties by the joint action of the
then drain commissioners.  The outlet was near the
southwest corner of section 5, Richland township, Sagi-

---

[1] As to basis of liability for assessment for drains, see note in
58 L. R. A. 353.

naw county, in a natural water course, which conducted the water in an easterly direction into Swan creek. About two years after the said drain was constructed, a petition was presented to the drain commissioner of the county of Saginaw, praying for an extension of said drain to Swan creek. Whereupon the drain commissioner for Saginaw county notified the drain commissioners of Gratiot and of Midland counties to meet with him to take joint proceedings in the premises. It was determined at the meeting which was held that the drain commissioner of Gratiot county was not a necessary or proper party to the proceeding, and the drain commissioners of Midland and Saginaw took some proceedings, the exact nature and extent of them being unknown to complainant; action resulting in constructing Weeks extension drain from the point on section 5, Richland township, towards Swan creek, to section 34, Midland county. In the year 1911 joint proceedings were taken by the drain commissioners of Saginaw, Midland, and Gratiot counties to clean out, widen, and deepen Weeks drain and Weeks extension drain, and to extend the drain from its terminal on section 34 aforesaid to Swan creek. A final order of determination was made, and an assessment of benefits, and a day appointed for letting contracts for the work. In the said assessment complainant's north 40 acres was included, the assessment being .35 of 1 per cent. and the south 40 acres, with an assessment of .3 of 1 per cent, of the entire cost of constructing said improvement. Before contracts were let or the assessments reviewed, and in May, 1912, the circuit court in chancery, for Saginaw county, enjoined the making of the improvement, and the defendants in said suit, said drain commissioners, were enjoined from making the said improvement until Swan creek was deepened, widened and cleaned out, from its mouth in Shiawassee river to the north line

of section 16, Thomas township, Saginaw county; the decree providing that defendants might, however, proceed to improve Weeks drain, but not so as to discharge any additional water into Swan creek, until said creek had been first widened, deepened, and cleaned out. From the decree no appeal was taken.

Swan creek is a natural water course, a part of it in Midland county, and it .flows east and easterly, southeasterly and southeast, to Shiawassee river, in Saginaw county; its course in that county being 15 miles long. No part of it is in Gratiot county; it being at its nearest point 11 miles from the meridian line which bounds Gratiot county on the east and Saginaw county on the west.

In July, 1911, a petition was presented to the drain commissioner of Saginaw county to clean out, widen, and deepen Swan creek from its outlet to a point in section 16 in the township of Thomas in said county. Before the entry of the final decree above referred to, proceedings had been taken under said petition ordering a survey of the proposed improvement. After the entry of said decree, the drain commissioners of Saginaw, Midland, and Gratiot counties took some further joint proceedings to improve Swan creek, making a final order of determination, which required the dredging of Swan creek for a distance of nearly 12 miles, the cut to be 40 feet wide; the depth varying from 3.1 feet to 19.7 feet, with an average of about 9 feet. With the erection of bridges, which will be necessary, the said improvement will cost $75,000. The drain commissioners were unable to agree upon the percentage of said cost which should be borne by each of the three counties, and called in the State highway commissioner, who decided that Saginaw county should bear 70 per cent., Midland county 23 per cent., and Gratiot county 7 per cent. They are (August 19, 1914) about to go on and make a final order of deter-

mination, let contracts, and assess 7 per cent. of the
cost of said Swan creek improvement upon lands in
Gratiot county, and the drain commissioner of Gratiot
county has said that, if he is required to assess 7 per
cent. of the cost upon lands in Gratiot county, he will
lay it upon the lands assessed for improving the
Weeks drain, upon the same basis as to benefits as
was used in that proceeding. There are no other
drains in Gratiot county which discharge any water
into Swan creek, and no watershed other than that
drained by the Weeks drain which discharges water
into Swan creek. The original assessment for con-
structing Weeks drain was laid upon the basis of 40
per cent. upon lands benefited lying in Gratiot county
and the remainder upon lands in Saginaw county, and
complainant's said lands were assessed one-tenth of
the entire cost. In the proceeding which was enjoined,
35 per cent. of the cost was apportioned to be paid by
Gratiot county. It is believed that 24 per cent. of
Weeks drain is in Gratiot county, the remainder being
in Saginaw county. The threatened assessment for
the Swan creek improvement, if laid, will tax the lands
of complainant $100. Complainant concludes that all
the proceedings taken by the three drain commission-
ers and the State highway commissioner to improve
Swan creek are illegal and void as to complainant, and
as to any lands lying within the county of Gratiot.
An injunction is prayed, restraining action which will
subject Gratiot county lands, including those owned
by complainant, to any part of the cost of improving
Swan creek.

To the bill the drain commissioner of Saginaw
county, one of the defendants, demurred. He says
the legality of the steps taken to establish the Swan
creek drain can be raised only by certiorari; that the
determination of what lands shall be included in the
special assessment district to bear the cost of con-

structing said drain is committed by statute to certain officers, whose decision is final, and the chancery court has no jurisdiction; that it is not charged in the bill that complainant has been notified that his land is to be included in the said special assessment district, nor that there is any trespass or threatened trespass upon his property; that the question whether complainant has the right to use Swan creek in its natural state, regardless of the effect upon the lower proprietor, is *res adjudicata*, as is also the question of the legality of the proceeding to establish Swan creek drain; no case for equitable interference is stated in the bill.

The cause coming on to be heard on bill and demurrer, the demurrer was sustained and bill dismissed. Complainant, appellant, states the question involved in this way:

"Have the drain commissioners of two or more counties jurisdiction or authority under our statute, in the improvement of a natural water course, increasing its capacity, to assess lands therefor in counties not traversed by such water course, and which lands are on such elevation above the point in the water course where the improvement is made that it is a physical impossibility for such lands to be benefited or affected in any manner by the improvement, and the only reason for the assessment being that the surface water from such lands flows in the direction of the water course, and naturally finds its way over the surface to the natural water course which constitutes their natural outlet to the Great Lakes?"

I quote further from the brief:

"This question has never been before this court, and is of great importance, and the decision of this court is likely to be of far-reaching consequences to the whole State. As the country becomes improved by the removal of timber and the putting in of large drainage systems, both surface and under drains, the water finds its way into the streams so quickly that floods, more or less disastrous, are of annual occurence. Each year it becomes more apparent that the only way to

obviate or relieve this difficulty is to increase the capacity of these streams which are the outlets for the water. It is our contention that our statute does not confer jurisdiction to do what is attempted in the instant case. No question is made in regard to the regularity or sufficiency of the petition or of the subsequent proceedings, if they had been taken in a case coming within the statute; but we contend there is an entire lack of jurisdiction to make the assessment upon lands in Gratiot county. We also call attention to the fact that we are not attempting to enjoin the proceedings to make the improvement in question, but only attempting to prevent the reporting of an assessment upon lands in Gratiot county therefor."

It is charged in the bill that, as shown by the surveys and levels made in said proceedings, there is a natural fall from the meridian line to the southwest corner of section 5, in Richland township, of more than 42 feet, a natural fall from the point near the southwest corner of said section 5 to the south quarter post of section 34, in the township of Ingersoll, of more than 15 feet, and from the last-mentioned point to the surveyed point in Swan creek a natural fall of more than 13 feet, and a considerable fall from the last-mentioned point to the north section line in said Thomas township. Stated in a few words, what is set up in the bill, with the necessary inferences, amounts to this: Complainant owns land which is traversed by Weeks drain. An outlet is desired for Weeks drain into Swan creek, a natural water course. Such an outlet has been refused by a court until the capacity of Swan creek is increased. A proceeding is pending, the purpose of which is to increase the capacity of Swan creek. The cost of the necessary work is to be borne by three counties, and some of it will be levied upon complainant's land. Complainant's land cannot be benefited by the work on Swan creek, because it and the surrounding land have an altitude much higher than that of the land in which the creek runs, an alti-

tude which secures, naturally, drainage of the said land, which natural drainage is matter of right. The question whether, if benefited by the improvement of Swan creek, the fact that it is in Saginaw county, and complainant's land in Gratiot county, would preclude the levying of a tax for benefits, is not debated.

The bill cannot be read in such a way as to sustain complainant's theory. It must be assumed that his lands are benefited by the Weeks drain; that the Weeks drain needs a new outlet; that the new outlet should be in Swan creek. It may be assumed that, if the outlet is established, Swan creek, in its present state, although a water course, cannot receive the water. Therefore it must be enlarged. In this way a connection is established between a benefit to complainant's land and the enlargement of Swan creek. It may be admitted that lands which are not benefited by a public improvement, like a drain, cannot be specially taxed to pay for the improvement. We need not consider whether, if it was admitted that complainant's land was not benefited by the improvement of Swan creek, the bill would lie. There is no such admission. It may occur that, having exhausted all statute remedies to which he may be entitled, complainant may later require the assistance of a court of equity.

We therefore modify the decree, so as to dismiss the bill without prejudice to any further proceeding complainant may be advised to take. The appellees will recover costs of this appeal.

BROOKE, C. J., and KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.